IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**MONTEREY MUSHROOMS, INC.**    *
                                *
         v.                     *       Civil Action No. CCB-20-3061
                                *
**HEALTHCARE STRATEGIES, INC.** *
                                *
                            *****

## MEMORANDUM

This action for unjust enrichment concerns overpayments made by the plaintiff Monterey Mushrooms, Inc. ("MMI") to the defendant HealthCare Strategies, Inc. ("HCS") in 2018 and 2019. Before the court is HCS's motion to dismiss (ECF 10). The matter has been fully briefed and no oral argument is necessary.[1] *See* Local Rule 105(6). For the reasons discussed herein, the motion to dismiss will be denied.

## BACKGROUND

MMI alleges that HCS refuses to return to MMI overpayments in the amount of $114,929.75 which were received in connection with health plan administrative services HCS provided for MMI's benefit. (ECF 1, Compl. ¶ 1).

MMI has a health benefits plan which allows its employees to access one of two networks: the HST Network or the NX Network. (*Id.* at ¶ 9). MMI retained Capitol Administrators, Inc. ("Capitol") to administer the benefits plan and HSTechnology Solutions, Inc. ("HST") to facilitate billing and payment of the plan. (*Id.* at ¶ 10). HST in turn engaged HCS to provide utilization reviews and pre-certification services for the HST Network component of the plan for the period

---

[1] MMI has also sought leave to file a surreply. (ECF 19). Leave to file a surreply may be granted when the movant otherwise would be unable to contest matters presented in the opposing party's reply. *Branhaven, LLC v. BeefTek, Inc.*, 965 F. Supp. 2d 650, 663 (D. Md. 2013). Because HCS raised a new legal argument in its reply, the motion for leave to file a surreply will be granted.

1

between January 1, 2018, and December 31, 2019. (*Id.* at ¶¶ 10–11). In exchange for providing these services, HCS was to send its invoices to Capitol, which would issue to HCS on behalf of MMI payments of $3.25 per month for each participant in the HST Network. (*Id.* at ¶¶ 13–14).

MMI alleges that in January and February of 2018, HCS sent invoices to Capitol only for the participants enrolled in the HST Network (for which HCS was entitled to payment), but Capitol disbursed payments for all participants in MMI's benefits plan, including those enrolled in the NX Network (for which HCS was not entitled to payment). (*Id.* at ¶¶ 15–22). As a result, MMI states that HCS was overpaid by $5,222.75 in January 2018 and by $5,037.50 in February 2018. (*Id.* at ¶¶ 18, 22).

Thereafter, from March 2018 through December 2019, HCS allegedly stopped invoicing MMI for only HST Network participants and instead submitted invoices for participants enrolled in both the HST Network and the NX Network. (*Id.* at ¶ 23). HCS purportedly "knew that the compensation it received regarding the services it provided" was based upon incorrect and overstated participant counts, and MMI contends HCS does not dispute the overpayment. (*Id.* at ¶¶ 24, 26). Still, HCS took no action to notify MMI and instead retained the overpayments at MMI's expense. (*Id.* at ¶ 24). Consequently, by December 2019, MMI alleges that HCS received nearly $115,000 in overpayments, which MMI did not discover until it terminated its relationship with Capitol at the end of 2019. (*Id.* at ¶ 25).

On the basis of the foregoing allegations, MMI filed this complaint on October 21, 2020, raising a sole claim for unjust enrichment. (ECF 1 at ¶¶ 27–34). HCS filed a motion to dismiss the complaint on January 11, 2021. (ECF 10). That motion has been fully briefed and is now ripe for resolution.

**STANDARD OF REVIEW**

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Additionally, although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012)).

**DISCUSSION**

The issue before the court is under what circumstances an unjust enrichment claim may be brought. Under Maryland law, a claim for unjust enrichment has three elements: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit without the payment of its value. *See Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295 (2007).

HCS first argues that an unjust enrichment claim may not be brought where benefits are conferred on a stranger to a contract by performance rendered by one party to that contract. It relies

on cases from the owner-contractor-subcontractor context to support this proposition. *See Truland Serv. Corp. v. McBride Elec., Inc.*, No. ELH-10-03445, 2011 WL 1599543 (D. Md. Apr. 27, 2011); *Bennett Heating & Air Conditioning, Inc. v. NationsBank of Md.*, 342 Md. 169 (1996). *Bennett Heating*, for example, involved a developer who did not render full payment to his general contractor, who in turn did not render full payment to his subcontractors, who then brought suit for unjust enrichment against the developer's successor-in-interest. 342 Md. at 173–74. The Maryland Court of Appeals upheld the dismissal of the claim, reasoning that services performed by subcontractors are for the benefit of the general contractor, that it cannot be said a developer is unjustly enriched when he gets no more than what he contracted for, and that it would be objectionable to allow subcontractors to shift the risks they assume in extending credit to a general contractor. *Id.* at 183–84.

This line of caselaw, which deals with actions brought by subcontractors against owners for underpayment or nonpayment, is distinguishable from the circumstances of this case, which is an action brought by a company for overpayments made to a subcontractor. Nor does the rationale underlying the subcontractor caselaw apply here, where HSC allegedly received $115,000 more than it was due. *See De Simone v. VSL Pharm., Inc.*, 395 F. Supp. 3d 617, 632–33 (D. Md. 2019) (declining to apply *Bennett Heating* and other owner-contractor-subcontractor cases where there was no binding contract between the parties). Further, the caselaw is clear that as a general matter, an action for unjust enrichment may be brought "against a transferee with whom the plaintiff had no contract, transaction, or dealing, either directly or indirectly." *Bank of America Corp. v. Gibbons*, 173 Md. App. 261, 271 (2007); *see also Hill*, 402 Md. at 298 (defendant need not have received the benefit directly from plaintiff's own resources). It is "immaterial how the money may have come into the defendant's hands, and the fact that it was received from a third person will not

affect his liability, if, in equity and good conscience, he is not entitled to hold it against the true owner." *Plitt v. Greenberg*, 242 Md. 359, 364 (1966) (internal quotation omitted). Accepting as true the facts alleged in the complaint, as the court must, HSC cannot in equity and good conscience retain the $115,000 for payment for services it did not provide.

HCS's second argument is that an unjust enrichment claim may not be brought where the subject matter of the claim is covered by an express contract between the parties. It is true that an action for unjust enrichment generally cannot be maintained when the subject matter of the claim is "'covered by an express contract between the parties.'" *Janusz v. Gilliam*, 404 Md. 524, 537 (2008) (quoting *Cty. Comm'rs of Caroline Cty. v. J. Roland Dashiell & Sons, Inc.*, 358 Md. 83, 96 (2000)).[2] But in this case, MMI does not allege the existence of any contract between itself and HSC, and HSC points to no caselaw outside the owner-contractor-subcontractor context indicating that an express contract between a plaintiff and a third party precludes an unjust enrichment claim. Instead, the cases HSC cites involve the existence of contracts between the parties to the action. *See FLF, Inc. v. World Publications, Inc.*, 999 F. Supp. 640, 642 (D. Md. 1998) (express contract between plaintiff and defendant precluded unjust enrichment claim); *J. Roland Dashiell & Sons, Inc.*, 358 Md. at 97–98 (express contract between petitioner and respondent precluded unjust enrichment claim); *Abt Assocs., Inc. v. JHPIEGO Corp.*, 104 F. Supp. 2d 523, 534–35 (D. Md. 2000) (express contract between plaintiff and defendant precluded recovery under quantum meruit theory); *cf. Partners in Travel, Inc. v. Marshall*, No. CCB-19-435, 2020 WL 206701, at *5 (D.

---

[2] The court in *Janusz* recognized certain exceptions "when there is evidence of fraud or bad faith, there has been a breach of contract or a mutual rescission of the contract, when rescission is warranted, or when the express contract does not fully address a subject matter." *Janusz v. Gilliam*, 404 Md. 524, 537 (2008) (internal quotation omitted).

5

Md. Jan. 14, 2020) (express contract between plaintiff and defendant did not preclude unjust enrichment claim where contract terms did not cover the subject of the suit).

Finally, in its reply, HSC argues that under Maryland law and Fourth Circuit precedent, a claim for unjust enrichment may not proceed as a standalone claim in the absence of an underlying tort claim. It does not cite any Fourth Circuit cases, but relies on *Washington County Board of Education v. Mallinckrodt ARD, Inc.* for this proposition. *See* 431 F. Supp. 3d 698 (D. Md. 2020). In that case, it was "not clear to the court whether it is permissible under Maryland law for a suit to consist of a single claim for unjust enrichment without an accompanying underlying tort" as "the Maryland appellate courts have [not] directly addressed the question, and other states are split on the matter." *Id.* at 718. The court explained its hesitancy by noting on the one hand that Maryland courts have described unjust enrichment as hinging on notions of justice and fairness rather than tort liability, and by noting on the other hand that "the standard approach courts appear to take is to dismiss an unjust enrichment claim if the court concludes the plaintiff has not stated a claim for tortious conduct." *Id.*

It is certainly true that courts have dismissed unjust enrichment claims after concluding a plaintiff has failed to state a claim for tortious conduct, though this typically occurs where an unjust enrichment claim is premised on the tortious conduct rather than independent conduct. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Carefree Land Chiropractic, LLC*, No. 18-cv-1279, 2018 WL 6514797, at *4 (D. Md. Dec. 11, 2018). Indeed, this was the case in *Washington County Board of Education*, where the plaintiff's unjust enrichment claim was based on an allegedly fraudulent pharmaceutical price fixing scheme, which in the plaintiff's view gave rise to claims under the Maryland Consumer Protection Act, and under the common law for negligent misrepresentation and fraud. *See* 431 F. Supp. 3d at 704–06, 718.

Notably, though, both the Maryland Court of Special Appeals and the United States District Court for the District of Maryland have permitted cases to go forward with a sole claim for unjust enrichment remaining. *See Dolan v. McQuaide*, 215 Md. App. 24, 28–29 (2013); *Newcomb v. Babu*, No. GJH-19-2046, 2020 WL 5106714, at *10–11 (D. Md. Aug. 30, 2020).[3] Thus, the court is not persuaded that an action for unjust enrichment may not lie in the absence of an underlying tort claim, even if the standard approach is to dismiss an unjust enrichment claim which is premised on an underlying tort when the underlying tort claim itself fails. In this case, the sole cause of action pled is for unjust enrichment, and *Washington County Board of Education v. Mallinckrodt ARD, Inc.* does not control.

MMI has alleged that (1) it conferred a benefit on HCS via overpayments; (2) HCS knowingly accepted the overpayments; and (3) it would be unjust to allow HCS, which did not render services in exchange for the overpayments, to retain the overpayment.[4] This is sufficient to state a claim for unjust enrichment under Maryland law. HCS's motion will therefore be denied.

---

[3] Unpublished opinions are cited for the soundness of their reasoning and not for their precedential value.

[4] Nor does the court find persuasive HCS's argument that the only allegation of unjust enrichment is based on "information and belief" and is therefore too speculative to support a claim. Pleading based upon information and belief is sufficient to survive a motion to dismiss where the facts alleged are within the control of the defendant and where the belief is based on factual information that makes the inference of culpability plausible. *See Stone v. Trump*, 400 F. Supp. 3d 317, 341 (D. Md. 2019). Based on the allegations in the complaint, it appears plausible that MMI lacks personal knowledge of whether HCS in fact altered its invoices to bill for participants enrolled in the NX Network—facts which are within the control of HCS. And, given that HCS was allegedly paid for services rendered on behalf of those participants, MMI's belief is based on factual information making the inference plausible. This is a "proper use" of "information and belief" pleading. *See Van Buren v. Walmart, Inc.*, --- F. Supp. 3d. ----, 2020 WL 1064823, at *4 (D. Md. Mar. 5, 2020). Additionally, while the court does not rely on this for the purpose of ruling on the motion to dismiss, counsel for HCS has admitted in a letter dated May 6, 2020, that HCS "revised its invoicing on a monthly basis" to reflect the number of participants that were incorrectly listed on the remittances from Capitol from the previous month. (*See* ECF 13-1, Letter from Angela E. Currie at 1).

## CONCLUSION

For the reasons described herein, the motion to dismiss will be denied. A separate order follows.

 

 

| | |
|---|---|
|    May 12, 2021    |      /S/         |
| Date | Catherine C. Blake |
| | United States District Judge |